[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10482

Non-Argument Calendar

_____

JAMES D. STEFFENS,

                                    Plaintiff-Appellant,

versus

CHRISTOPHER NOCCO,
in his Official Capacity as Pasco County Sheriff,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-01940-KKM-AAS

_____

Before LUCK, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

James Steffens appeals the grant of summary judgment to his former employer Sheriff Christopher Nocco, in his official capacity as Pasco County Sheriff. Steffens is biracial and worked as a Captain in the Pasco County Sheriff's Office. Steffens asserts the district court erred by applying a single-intent analysis, rather than a mixed-motive analysis, to his race discrimination case, and that his claim would have survived summary judgment under a mixed-motive analysis. Additionally, Steffens asserts the district court erred by failing to find he had presented a "convincing mosaic" of evidence of discrimination. After review,[1] we affirm the district court's grant of summary judgment.

## I.  MIXED-MOTIVE

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Discrimination claims brought under Title VII are categorized as either mixed-motive or

---

[1] We review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005).

22-10482                Opinion of the Court                3

single-motive claims. *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1235 (11th Cir. 2016); *see also* 42 U.S.C. §§ 2000e-2(a), (m). The district court analyzed Steffens' claim under the *McDonnell Douglas* analysis as Steffens pled and litigated his case under a single-intent theory. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002) (explaining a plaintiff can prove a single-motive employment discrimination claim through circumstantial evidence, which we generally analyze using a three-step, burden-shifting framework identified in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)).

Steffens failed to argue a mixed-motive discrimination case before the district court and we do not consider it.[2]  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004) (stating an issue not raised in the district court and raised for the first time on appeal in a civil case will not be considered absent extraordinary circumstances). Steffens' amended complaint failed to allege the actions taken against him resulted from mixed motives or that his interracial relationship was only a motivating factor for these actions. In his response to Nocco's motion for summary

---

[2] Even if we considered Steffens' mixed-motive claim, it would fail as Steffens failed to show an adverse employment action, as discussed in Part II of this opinion. *See Quigg*, 814 F.3d at 1239 (stating for a Title VII claim presented under a mixed-motive theory to survive summary judgment, a plaintiff must introduce evidence sufficient to support a jury finding that: "(1) the defendant took an adverse employment action against the plaintiff; and (2) a protected characteristic was a motivating factor for the defendant's adverse employment action" (quotation marks, alterations, and emphasis omitted)).

judgment, Steffens failed to make any arguments that a mixed-motive analysis applied to his claim. Rather, he chose to argue his case under the *McDonnell Douglas* framework. Steffens asserted "there were *zero* grounds for [his] termination, all of the 'Mercado' related issues having been resolved properly, and the only remaining reason being racially motivated." Also, while Steffens alleged both race discrimination and retaliation, these claims were separated into distinct counts. To the extent Steffens argues his claims were inherently mixed-motive, as he alleged both racial discrimination and retaliation, this argument fails as a party may allege multiple separate single-intent claims under Title VII. A claim does not become a mixed-motive claim merely because multiple unlawful causes for an action are alleged. *See e.g. Johnson v. Miami-Dade Cnty.,* 948 F.3d 1318, 1324-26 (11th Cir. 2020) (evaluating a retaliation claim under the *McDonnell Douglas* framework despite the plaintiff alleging both race discrimination and retaliation).

As Steffens never pled or litigated his case under a mixed-motive theory before the district court, the district court did not err in evaluating the case under the single-intent framework in *McDonnell Douglas*. Additionally, in his initial brief, Steffens fails to challenge the district court's finding that he did not establish a *prima facie* case of race discrimination under *McDonnell Douglas* because he failed to identify a similarly situated comparator treated more favorably than him, thus abandoning any challenge on this basis. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (en banc), *petition for cert. denied*, 143 S. Ct. 95 (2022) (stating issues

not raised in an appellant's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating an appellant must clearly and specifically identify in his brief any issue he wants the appellate court to address).

## II.  CONVINCING MOSAIC

A plaintiff will "survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).  "A triable issue of fact exists if the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quotation and footnote omitted).  A plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated employees, and (3) pretext. *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019).

As to a "convincing mosaic" argument, Steffens failed to provide sufficient evidence from which a jury could infer discriminatory intent on the part of the decisionmaker.  Steffens has not identified an adverse employment action onto which a jury could infer discriminatory intent.  Steffens argues he suffered multiple adverse employment actions, including multiple failures to promote.

However, the district court did not err in finding Steffens only alleged a single adverse employment action within his EEOC charge, namely that he was "coerced into resigning . . . because he maintained a relationship with [his] fianc[eé]." Further, these alleged actions, which occurred well before his resignation, are not actions which could reasonably be expected to grow out of the charge of discrimination. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-80 (11th Cir. 2004) (explaining a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination). Therefore, the district court did not err in determining the only potential adverse employment action was Steffens' resignation.

Additionally, the district court did not err in finding Steffens voluntarily chose to resign rather than "stand pat and fight" an investigation. *See Hargray v. City of Hallandale,* 57 F.3d 1560, 1568 (11th Cir. 1995) (stating we presume that resignations are voluntary, unless an employer forces the employee to resign by coercion, duress, deceit, or misrepresentation of a material fact). First, Steffens was aware he was being investigated and Major Ken Gregory had informed him that it "did not look good." Later that day, Steffens was told Nocco had lost faith in him, and he was asked if he would resign effective immediately. Steffens testified he knew he could choose to resign, leaving the agency in good standing, or to face the investigation, under which "all options," including the potential for no disciplinary action to be taken, were available.

Steffens requested to speak with Nocco, but when that request was denied, he did not seek additional time to consider or consult counsel. Rather he stated "[y]ou know what my answer is" and prepared a written resignation. Given this, Steffens knew his options and, rather than choosing to "stand pat and fight," facing the investigation, he chose to voluntarily resign. Thus, considering the totality of the circumstances, the district court did not err in finding, as a matter of law, that Steffens' resignation was a voluntary choice to take what he viewed as the best of two bad options, not a result of coercion, duress, deceit, or misrepresentation of a material fact. *Id.*

As such, no reasonable jury could infer that a decisionmaker acted with discriminatory intent, as the only relevant decision, Steffens' resignation, was made voluntarily by Steffens. *Lockheed-Martin Corp.*, 644 F.3d at 1328. Even if we apply the "convincing mosaic" analysis to Nocco's decision to request Steffens' resignation, Steffens has failed to provide evidence from which a jury could infer that the decisionmaker, Nocco, acted with discriminatory intent. Steffens has not pointed to any piece of evidence showing Gregory provided inaccurate or biased information to Nocco which could bias his decision. Rather, the record shows the order to request Steffens' resignation came from Nocco through Colonel Jeffrey Harrington. Steffens has not asserted Nocco made any ambiguous statements or otherwise showed discriminatory intent toward Steffens. Rather, the record shows Nocco hired Steffens knowing he was in a interracial relationship, promoted him while

he was in a interracial relationship, and filled Steffens' position after his resignation with another individual in a interracial relationship. Given this evidence, no reasonable jury could infer discriminatory intent. *See id.*

**AFFIRMED.**